Bertram R. Gelfand, S.
A respondent in a pending probate *1000 proceeding seeks by an ex parte application an order directing the preliminary executrix to show cause why this court should not render an opinion indicating that it would be receptive to the transfer to it of a proceeding pending in Supreme Court, New York County. It appears from the affidavit submitted in support of the application that the action in the Supreme Court is one commenced by decedent in her lifetime to recover funds of which the decedent believed she was wrongfully deprived. The affiant upon this application is not a party to the Supreme Court action.
A proceeding may be transferred from the Supreme Court to the Surrogate’s Court only upon an order of the Supreme Court (SCPA 501). In order to succeed upon such application in Supreme Court, it is not mandatory that any application be first made to the Surrogate’s Court. If such an application is made in the Surrogate’s Court, the function of the Surrogate’s Court is limited to indicating its consent to receive the matter for trial should the Supreme Court in the exercise of its jurisdiction decide to transfer the matter for trial. An application in the Supreme Court to transfer a matter to Surrogate’s Court can necessarily be made only by a party to the Supreme Court action or a person who has intervened in that action pursuant to CPLR 1012 or 1013. It does not appear that the affiant upon this application fits into these categories. Accordingly, since affiant does not have the standing to make an application in the Supreme Court for the transfer of the action to this court, no purpose would be served by entertaining an application seeking this court’s consent to receive the matter. Under the circumstances, the court declines to sign the submitted order. This determination is, of course, without prejudice to any application which the affiant or any other party in interest might seek to make in the Supreme Court.